UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA MOE,<br><br>          Plaintiff,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States; JAMES R. MCHENRY III, in his official capacity as Acting Attorney General of the United States; WILLIAM LOTHROP, in his official capacity as Acting Director of the Federal Bureau of Prisons<br><br>          Defendants. | Civil Action No. 25-10195 |

## PLAITIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINIG ORDER AND PRELIMINARY INJUNCTION

      Plaintiff MARIA MOE ("Plaintiff"), pursuant to Fed. R. Civ. P. 65 and L.R., D. Mass. 7.1, hereby respectfully moves for a temporary restraining order and preliminary injunction on an emergency basis to enjoin Defendants from transferring her to a men's prison and from discontinuing her hormone therapy and any other treatment she currently receives for her Gender Dysphoria—actions Defendants will undertake imminently pursuant to Sections 4(a) and 4(c) of President Donald Trump's Executive Order 14166, titled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government" without intervention from this Court.

      Plaintiff hereby incorporates by reference the Complaint and the Memorandum of Law and declarations in support of this motion, filed contemporaneously herewith. As detailed in the

accompanying Memorandum of Law, Plaintiff is likely to succeed in showing that: (i) Defendants' enforcement of Executive Order 14166 will violate her constitutional rights to equal protection and to be free from cruel and unusual punishment, as well as violate the Administrative Procedures Act; (ii) without a temporary restraining order and preliminary injunction, Plaintiff will suffer irreparable physical and psychological harm; (iii) the balance of harms weighs in favor of Plaintiff; and (iv) the requested temporary restraining order and preliminary injunction will serve the public interest by maintaining the status quo.

WHEREFORE, Plaintiff respectfully requests that the Court enter a temporary restraining order and preliminary injunction prohibiting Defendants and their officers, employees, servants, agents, appointees, and successors from enforcing Sections 4(a) and 4(c) of Executive Order 14166, and requiring Defendants to maintain Plaintiff's housing and medical treatment consistent with the status quo before January 20, 2025.

Dated: January 26, 2025

Respectfully submitted,

/s/  Jennifer Levi
Jennifer L. Levi (Bar No. 562298)
Bennett Klein (Bar No. 550702)
Sarah Austin (*pro hac vice* pending)
**GLBTQ Legal Advocates & Defenders**
18 Tremont Street, Suite 950
Boston, MA 02108
(617) 426-1350
bklein@glad.org
jlevi@glad.org
saustin@glad.org

Christopher F. Stoll (*pro hac vice* pending)
Amy Whelan (*pro hac vice* pending)
**National Center for Lesbian Rights**
870 Market Street, Suite 370
San Francisco, CA 94102
(415) 392-6257
cstoll@nclrights.org
awhelan@nclrights.org

Alexander Shalom (*pro hac vice* pending)
Natalie Kraner (*pro hac vice* pending)
**Lowenstein Sandler LLP**
1251 Avenue of the Americas
New York, NY 10020
(862) 926-2029
ashalom@lowenstein.com
nkraner@lowenstein.com

**LOCAL RULE 7.1(a)(2) CERTIFICATE**

The undersigned counsel certifies pursuant to Local Rule 7.1 that due to the urgent nature of the requested relief, Plaintiff's counsel has not had an opportunity to meet and confer with Defendants or their counsel and are filing this motion *ex parte*. This action is initiated because of President Donald Trump's Executive Order 14166, titled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government," which was signed just days ago. Upon learning about the actions Defendants have taken towards implementing the Executive Order and their preparations to transfer Plaintiff to a men's prison, which can occur at any time, Plaintiff's counsel prepared the underlying motion and accompanying papers on an expedited basis and seek emergent review from the Court. *Ex parte* review is the only means of ensuring that the Court can intervene in time to maintain the status quo.