UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-10195-GAO

MARIA MOE,
Plaintiff,

v.

DONALD TRUMP, in his official capacity as President of the United States, JAMES R. MCHENRY III, in his official capacity as Acting Attorney General of the United States; and WILLIAM LOTHROP, in his official capacity as Acting Director of the Federal Bureau of Prisons,
Defendants.

OPINION AND ORDER
February 7, 2025

O'TOOLE, D.J.

The plaintiff, proceeding pseudonymously as Maria Moe, is a transgender woman currently in the custody of the Bureau of Prisons ("BOP"). (Compl. ¶ 2 (dkt. no. 1).) For the duration of her time in BOP custody, she has received hormone therapy as treatment for her gender dysphoria and has been housed in a female penitentiary facility. (Id. at ¶ 3.)

On January 20, 2025, President Donald J. Trump signed an Executive Order titled "Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." Exec. Order No. 14168, 90 Fed. Reg. 8615 (Jan. 20, 2025) ("Executive Order"). The relevant portions of this Executive Order include Sections 4(a) and 4(c) which, respectively, state:

> (a) The Attorney General and Secretary of Homeland Security shall ensure that males are not detained in women's prisons or housed in women's detention centers, including through amendment, as necessary, of Part 115.41 of title 28, Code of Federal Regulations and interpretation guidance regarding the Americans with Disabilities Act.
>
> . . .

    (c) The Attorney General shall ensure that the Bureau of Prisons revises its policies concerning medical care to be consistent with this order, and shall ensure that no Federal funds are expended for any medical procedure, treatment, or drug for the purpose of conforming an inmate's appearance to that of the opposite sex.

Id.

    Pursuant to this Executive Order, on January 21, 2025, Moe was moved from the general population of her current penitentiary and placed in a Special Housing Unit. (Compl. ¶ 4.) BOP officials then informed Moe that she was being transferred to a men's penitentiary facility. (Id.) She has since been returned to the general population but is still awaiting transfer. (Defs.' Resp. to Pl.'s Mot. for TRO and Prelim. Inj. 7 n.2 (dkt. no. 37).) She further alleges that she is at imminent risk of losing access to the medical care she needs to treat her gender dysphoria due to the Executive Order. (Compl. ¶ 6.)

    On January 26, 2025, Plaintiff commenced this suit. Simultaneously, Plaintiff moved for an ex parte temporary restraining order and preliminary injunction to enjoin the Defendants from enforcing the Executive Order against her during the pendency of her claim. Defendants oppose this motion. On January 26, the Court ordered the Defendants to refrain from moving Plaintiff to a new facility pending a further Court order. A hearing on the merits of the motion was held on January 30, 2025.

    The law of this Circuit establishes that claims challenging the "manner of execution of a sentence [are] properly brought under 28 U.S.C. § 2241." Muniz v. Sabol, 517 F.3d 29, 33–34 (1st Cir. 2008); Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015) ("[Section 2241] establishes a mechanism for a federal inmate who is in custody to challenge the execution of (rather than the imposition of) his or her sentence." (internal citations omitted)); see United States v. DeLeon, 444 F.3d 41, 59 (1st Cir. 2006) ("If the conditions of incarceration raise Eighth Amendment concerns, habeas corpus is available."); cf. Brennan v. Cunningham, 813 F.2d 1, 4 (1st Cir. 1987) (affirming

that case was properly brought under the federal habeas corpus statute, 28 U.S.C. § 2254, rather than under 42 U.S.C. § 1983). Challenges to the manner of execution of a sentence include claims "contest[ing] one's imprisonment in a specific facility." Francis, 798 F.3d at 36. Plaintiff's suit primarily concerns her physical custody in a men's facility and her access to medical treatment therein. These claims are challenges to the conditions of Plaintiff's confinement and must be treated as a habeas petition.

As this suit must be pursued under 28 U.S.C. § 2241, the proper district to hear this case is the district of Plaintiff's current confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 443–44 (2004).

IT IS THEREFORE ORDERED that:

1.  This case is transferred to the United States District Court for the district in which Plaintiff is currently confined. The parties are familiar with the proper district based on the sealed documents previously filed in this matter. This case is terminated in this district.

2.  The Clerk of Court is directed to take all necessary steps to transfer this matter to the United States District Court for the district in which Plaintiff is currently confined.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge