UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARIA MOE,

    *Plaintiff*,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

    *Defendants*.

Case No. 1:25-cv-653-RCL
*SEALED*

## ORDER

This case was transferred from the District ▇▇▇▇ on March 6, 2025, and was subsequently assigned to this Court on March 7, 2025. In reviewing the docket, the Court observes that Plaintiff still has an outstanding Motion for Preliminary Injunction [ECF No. 3]. This PI motion has been fully briefed. *See* Defs.' Resp. to Mot. for TRO and PI, ECF No. 17; Pls.' Reply, ECF No. 21.

Plaintiff Maria Moe is similarly situated to the plaintiffs in *Doe v. Bondi*, 25-cv-286-RCL and the plaintiffs in *Jones v. Trump*, 25-cv-401-RCL, two cases before this Court challenging the implementation of Sections 4(a) and 4(c) of Executive Order 14168, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8615 (Jan. 20, 2025). In both of those cases, the Court has granted a PI in favor of the plaintiffs, enjoining the defendants from implementing Sections 4(a) and 4(c) of the Executive Order. Here, the Court has reviewed the parties' filings and determines that the same reasoning from the Court's TRO and PI Orders in those cases applies here. *See Doe v. McHenry*, No. 25-cv-

1

286-RCL, 2025 WL 388218 (D.D.C. Feb. 4, 2025);[1] *see Doe v. Bondi*, 25-cv-286-RCL, ECF Nos. 44, 55; *see Jones v. Trump*, 25-cv-286-RCL, ECF Nos. 28, 46. The Court therefore applies that reasoning here to grant Plaintiff's PI motion.

The Court also observes that the entire matter here is under seal. However, both of the related cases referenced *supra* are only *partially* sealed—the filings are submitted with proposed redactions to remove all details that could identify the plaintiffs to the public, and the plaintiffs are proceeding under the pseudonyms. Given the "strong presumption in favor of public access to judicial proceedings," *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016), and juxtaposed to the related cases with similarly situated plaintiffs, the Court cannot identify a compelling reason to keep this entire case under seal.

In sum, in consideration of Plaintiffs' Motion [ECF No. 3] for a Temporary Restraining Order and Preliminary Injunction, the Opposition [ECF No. 17] thereto, the Reply [ECF No. 21], and the entire record herein, it is hereby

**ORDERED** that the plaintiff's Motion for a Preliminary Injunction is **GRANTED**; and it is further

**ORDERED** that the Defendants are hereby enjoined from implementing Sections 4(a) and 4(c) of Executive Order 14168 against Plaintiff Maria Moe, pending further Order of this Court; and it is further

**ORDERED** that, pending further Order of this Court, Defendants shall maintain and continue the plaintiff's housing status and medical care as they existed immediately prior to January 20, 2025; and it is further

---

[1] Under Fed. R. Civ. Pr. 25(d), Attorney General Pamela Bondi was "automatically substituted as a party" as the successor for Acting Attorney General James R. McHenry III.

2

**ORDERED** that within 48 hours, the parties must show cause as to why this *entire* case should remain under seal rather than simply proceeding pseudonymously, partially sealed, and subject to protective order.

Date: March 10, 2025
12:30 P.M.

Royce C. Lamberth
United States District Judge