UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARIA MOE,<br><br>   *Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>   *Defendants*. | Case No. 1:25-cv-653-RCL |

### ORDER

  The Court entered an unsealing order on April 2, 2025. *See* Order, ECF No. 64. As a result of logistical and technical difficulties, the case had to be temporarily sealed on April 5, 2025. This Order hereby **UNSEALS** the case again and amends the previous unsealing order as explained below.

  On March 10, 2025, this Court ordered the parties to "show cause as to why this *entire* case should remain under seal rather than simply proceeding pseudonymously, partially sealed, and subject to protective order." Order, ECF No. 62. The parties filed a timely response with the Court, representing that they agreed that this case need not remain under seal, but rather, can proceed under the same protections as are in place in *Doe v. Bondi*, 25-cv-286-RCL, and *Jones v. Trump*, 25-cv-401-RCL. Plaintiff Maria Moe will therefore continue to proceed under pseudonym, all filings will redact details that could identify the Plaintiff to the public, and this case will proceed under the same protective order as in *Doe* and *Jones*.

  Pursuant to those parameters, to protect Plaintiff's identity, the documents filed in the Transferring District [ECF Nos. 42–61] will remain under seal, and the reference to the

1

Transferring District in this Court's Order granting the Preliminary Injunction, ECF No. 62, will be redacted.  **AMENDMENT:* In addition, all references to the Transferring District will be redacted from the docket text for each ECF entry that implicates it, the citation to the "Case in other Court" will be removed, and the following documents will remain sealed to protect identifying details about the plaintiff: ECF Nos. 3, 4, 8, 9, 10, 11, 17, 21, and 38.***

To that end, it is hereby **ORDERED** that

1. Plaintiff is permitted to proceed under a pseudonym during the duration of the case;

2. Plaintiff may partially seal the Complaint and the declarations of Plaintiff, as effected in the proposed redacted pleadings submitted by Plaintiff;

3. Defendants may not disclose Plaintiff's identity to any third party unless such disclosure is necessary to defend against this action; and

4. Any party, including any third parties, that files a document identifying Plaintiff must redact all personal identifiers in accordance with Federal Rule of Civil Procedure 5.2 and must also redact:

    a. Plaintiff's biographical details, including but not limited to their age, place of residence, current and former names, date of birth, job, and the identity of any family members;

    b. Plaintiff's criminal history, including the crime they were convicted of, the period and locations of their incarceration, and their prison record;

    c. All details of Plaintiffs' medical history, records, treatments, and specific physical and mental health diagnoses, including those outside of their gender dysphoria; and

    d. Any other information that could identify Plaintiffs to the public.

5. The documents filed in the Transferring District [ECF Nos. 42–61] will remain under seal, and the reference to the Transferring District in this Court's Order granting the Preliminary Injunction, ECF No. 62, will be redacted;

6. **AMENDMENT:* All references to the Transferring District will be redacted from the docket text for each relevant ECF entry that includes a reference to it and the citation to the "Case in other Court" will be removed;**

7. **AMENDMENT:* ECF Nos. 3, 4, 8, 9, 10, 11, 17, 21, and 38 will remain under seal;** and

8. This case is hereby **UNSEALED**.

**IT IS SO ORDERED.**

Date: April 10, 2025

Royce C. Lamberth
United States District Judge