| | |
|---|---|
| MARIA MOE,<br><br>Plaintiff,<br><br>v.<br><br>DONALD TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | Civil Docket No. 1:25-cv-653 |

**DEFENDANTS' CONSENT MOTION TO STAY PROCEEDINGS**

Defendants respectfully request that the Court stay further proceedings (except as noted below) until September 6, 2025. Defendants have appealed the preliminary injunction issued in this case, and the D.C. Circuit has granted Defendants' Motion to Expedite Briefing and Argumet. The D.C. Circuit's ruling on the appeal could inform further proceedings in this case, including narrowing the issues. A temporary stay of proceedings to await the D.C. Circuit's guidance would thus promote efficiency and conserve judicial and party resources. This Court recently granted a similar stay in the related case of *Doe v. McHenry*, 1 :25-cv-286, ECF No. 77. Defendants have conferred with Plaintiff about this motion, and Plaintiff indicates that Plaintiff consents to the requested stay. Accordingly, this Court should exercise its discretion to temporarily stay further proceedings in this case.

**BACKGROUND**

Plaintiff is a male diagnosed with gender dysphoria who is housed by the Federal Bureau of Prisons ("BOP") in a women's facility. Compl. ¶ 2. Plaintiff brought this suit on January 26, 2025 in the District of Massachusetts to challenge, among other things, BOP's decision to transfer Plaintiff to a men's facility. *Id.* at ¶¶ 16-23. On the same day, the U.S. District Court for the District of Massachusetts issued a Temporary Restraining Order enjoining Defendants from transferring Plaintiff to another BOP facility until further order of the Court. ECF No. 25. On February 7, 2025, the District of Massachusetts transferred this case to the District in which the

Plaintiff was confined. ECF No. 40. That Court subsequently extended the Temporary Restraining Order issued by the Massachusetts District Court. ECF No. 49. On March 6, 2025, the case was further transferred to this Court. ECF No. 60. On March 10, 2025, this Court issued a preliminary injunction enjoining the enforcement of relevant provisions of Executive Order 14168, including Section 4(a), against Plaintiff. ECF No. 62. Section 4(a) directs the Attorney General to ensure that males are not detained in women's prisons. On April 2, 2025, Defendants appealed the preliminary injunction. ECF No. 65. Defendants' appeal will focus only on whether transferring Plaintiff to a men's facility is illegal.

Defendants' answer to Plaintiff's complaint is currently due May 12, 2025. Pursuant to the Prison Litigation Reform Act, the preliminary injunction will expire on June 8 unless renewed.[1] *See* 18 U.S.C. § 3626(a)(2).

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731 (D.C. Cir. 2012) (when a stay is issued "pursuant to the district court's inherent authority in the interest of judicial economy, 'the applicable jurisprudence appears in [*Landis*]'" (citations omitted)). "Before exercising this power, a court must 'weigh competing interests and maintain an even balance' between them, taking into consideration the benefits of a stay, the hardship to the movant of denying a stay, and any injury to the nonmovant from issuing a stay." *Hulley Enterprises Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 280 (D.D.C. 2016) (quoting *Landis*, 299 U.S. at 255).

**I.   Courts Routinely Stay Proceedings to Await Appellate Guidance.**

Consistent with their discretionary power, judges in this District have routinely stayed proceedings to promote judicial economy and efficiency where the D.C. Circuit's ruling in the

---

[1] If Plaintiffs move to renew these two preliminary injunctions for 90 days, Defendants would not oppose it.

same or a related matter will bear on further proceedings before the district court. *See, e.g., Blumenthal v. Trump*, No. CV 17-1154 (EGS), 2019 WL 3948478 at *3 (D.D.C. Aug. 21, 2019) ("The Court will also stay proceedings in this case pending the interlocutory appeal."); *Philipp v. Fed. Republic of Germany*, 253 F. Supp. 3d 84, 89 (D.D.C. 2017) ("[T]he Court concludes that it is appropriate to stay the proceedings while Defendants' interlocutory appeal is pending" and "shall not require Defendants to respond to the complaint and the parties to proceed with discovery at this time."); *Ready to Win v. Fed. Election Comm'n*, No. 22-cv-3282 (RDM), 2023 WL 10512144, at *2 (D.D.C. July 28, 2023) (staying proceedings pending appeal of a related case, reasoning that discovery "may prove unnecessary or may be narrowed in light of the D.C. Circuit's decision"); *Univ. of Colo. Health Mem'l Hosp. v. Burwell*, No. 14-cv-1220, 2017 WL 535246, at *12 (D.D.C. Feb. 9, 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency.").

Courts in other jurisdictions have stayed proceedings in similar circumstances. *See, e.g.*, *Minn. Voters Alliance v. Walz*, 494 F. Supp. 3d 610, 611–12 (D. Minn. 2020) (staying proceedings pending appeal of preliminary injunction because, among other things, the appeal was "likely to resolve some of the legal issues in dispute"); *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 545 F. Supp. 2d 1188, 1190 (D. Kan. 2008) (staying proceedings pending appeal of preliminary injunction to await appellate court's resolution of a legal issue that "would significantly advance the course of th[e] litigation" and best serve "the time and effort of the parties and the court"); *Bray v. QFA Royalties, LLC*, No. 06-cv-02528, 2007 WL 2688858, at *1 (D. Colo. Sept. 12, 2007) (staying proceedings pending appeal of preliminary injunction because appellate court's "determination of the legal issues inherent in [the] preliminary injunction decision will edify further proceedings on those same . . . claims for permanent injunctive relief").

## II. A Stay of Proceedings Will Promote Judicial Economy and Conserve the Parties' Resources.

In the instant case, a temporary stay of district court proceedings until September 6, 2025, would serve the interests of judicial economy and efficiency and conserve the parties' resources. The D.C. Circuit has granted Defendants' Motion to Expedite Briefing and Argument, and if the D.C. Circuit rules on the appeal before the expiration of the preliminary injunction or any renewal thereof, such a ruling likely will bear on further proceedings in this case, including potentially narrowing the issues in this case and the scope of any discovery. In particular, the D.C. Circuit's decision will likely shed light on the applicable Eighth Amendment standards, their applications to the unique context of transferring trans-identifying inmates like Plaintiff to facilities consistent with their biological sex, and BOP's authority to make such placement decisions. Appellate guidance on these issues may affect further proceedings in this case, and thus a temporary stay to await such guidance is warranted.

As noted above, Plaintiff consents to the requested stay. Further, as reflected in the attached Proposed Order, Defendants' request for a stay of proceedings does not extend to any motions to extend or renew the preliminary injunction, any issue that may arise from compliance with the preliminary injunction, the entry of any protective order, any motions to amend the complaint to add new plaintiffs and for preliminary injunctive relief regarding those plaintiffs, and other case management issues. Moreover, either side may move to lift the stay at any time.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay further proceedings until September 6, 2025.

Dated: April 30, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ *Alexander J. Yun*
ALEXANDER J. YUN
ELIZABETH B. LAYENDECKER
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 674-0255
Alex.Yun@usdoj.gov

*Counsel for Defendants*